FILED
MAR 3 — 2004
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
MAR — 2 2004
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> 5.00 ACRES OF LAND, MORE OR ) <br> LESS, SITUATED IN THE COUNTY ) <br> OF SAN BERNARDINO, STATE OF ) <br> CALIFORNIA; AND RUTH M. ROSS, ) <br> BY QUITCLAIM DEED RECORDED ) <br> MARCH 15, 1976 IN BOOK 8883, ) <br> PAGE 780, OFFICIAL RECORDS (aka ) <br> MAXINE R. CHAPMAN); ROYCE I. ) <br> RISINGER; COUNTY OF SAN ) <br> BERNARDINO, TAX COLLECTOR; ) <br> ROY SMITH; DORIS C. RENNICK; ) <br> ALVIN JAMES AIKEN, JEANETTE M. ) <br> AIKEN, AND ALVIN JUDE AIKEN; ) <br> SAMUEL S. MALOF; GEORGE W. ) <br> KRIEGH; BARRY FEINSTEIN; THE ) <br> ESTATE OF ALAN PARISER, ) <br> BARBARA ADLER, Special ) <br> Administrator; CHARLES R. ) <br> McKINNEY AND NORMA M. ) <br> McKINNEY; FRANK E. MOXLEY; ) <br> FRANK WININGER by SHARALYN ) <br> WININGER, widow; LAWRENCE ) <br> POWER; DARLEEN A. FELTGES; ) <br> FLORENCE R. LANDIS, ) <br> ) <br> Defendants. ) <br> ) | CASE NO. CV 02-07369 MMM (CWx) <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL JUDGMENT |

Plaintiff United States of America initiated this eminent domain action on July 25, 2002, against defendant 5.00 Acres of Land, Tract No. 101-67 located in San Bernardino County, California ("Tract 101-67"), pursuant to 40 U.S.C. §§ 257 and 258a, and 16 U.S.C. §§ 4601-4 et seq. and §§ 450ii et seq. All parties who might claim an interest in the property have filed

(53)

waivers of service, have defaulted, or have been served and filed a disclaimer of interest. Plaintiff now moves for the entry of a final judgment determining ownership of the land and awarding just compensation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court found plaintiff's application suitable for decision without hearing and vacated the hearing date. Having carefully reviewed the evidence and arguments submitted, the court grants the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2003, the United States initiated a civil condemnation action, pursuant to which it sought to obtain title to Tract 101-67 through eminent domain.[1] That same day, the United States filed a Declaration of Taking against the subject property.[2] Following this and the deposit of $35,000 into the Court's registry, title to Tract No. 101-67 vested in the United States. See 40 U.S.C. § 3114.

An examination of public land records conducted by Chicago Title Company shows that title to the property is burdened with a Declaration of Restrictions, recorded in the Public Records of San Bernardino County on February 15, 1950.[3] With the exception of the Estate of Ruth M. Ross, Diane E. Ross, Executor,[4] the sole basis on which defendants assert an interest in the land is the fact that they may be charged with a pro rata share of the maintenance obligation created by the Declaration of Restrictions.[5]

On January 14, 2004, plaintiff filed a Notice of Termination of the Declaration of Restrictions, eliminating these claimants' potential maintenance obligations and their contingent

---

[1] See Complaint, ¶ 1.

[2] See Declaration of Taking at 2.

[3] Plaintiff's Motion for Final Judgment Determining Ownership and Distribution of Just Compensation ("Pl.'s Mot."), Exh. 2, Sch. B, ¶ 10.

[4] Ruth M. Ross has contracted to sell the property to plaintiff. (Pl.'s Mot., Exh. 1.)

[5] Complaint, ¶ 6 & Sch. B.

2

interest in the property.[6] All parties who might claim an interest in the condemned property have filed Waivers of Service and defaulted, or have filed a disclaimer of interest. The Estate of Ruth M. Ross, Diane E. Ross, Executor, in place and stead of Maxine R. Chapman ("Ross"), has contracted to sell the property to the United States for $35,000.[7] Ross has never claimed any interest in the property or this lawsuit.[8]

On February 2, 2004, plaintiff filed a motion for entry of final judgment. In an *amicus curiae* role, the United States requests that the court determine who is entitled to receive just compensation for Tract No. 101-67. In its role as an interested party, the United States requests that the court find Ross is entitled to just compensation of $35,000 if it determines that she is the only party entitled to compensation.[9]

## II. DISCUSSION

### A.   Effect Of Entry Of Default

If a party fails to file a response to a complaint, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. See FED.R.CIV.PROC. 8(d). Here, the potential claimants have failed to respond to the complaint and the clerk has entered their defaults. Accordingly, the facts alleged in the complaint are deemed to be true. See, e.g., *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir., 1990) ("a default judgment generally precludes a trial of the facts except as to damages"); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("defaults established . . . respective liabilities, but not the extent of the damages").

---

[6] Pl.'s Mot., Exh. 5.

[7] *Id.*, Exh. 1.

[8] *Id.* at 5.

[9] *Id.* at 2.

B.  **Ownership Of Defendant Property**

"It is well-established that federal courts sitting in condemnation cases are authorized to determine who among competing claimants held title to land prior to its condemnation." *Washington Metropolitan Area Transit Authority v. One Parcel of Land in Prince George's County*, 197 F.Supp.2d 339, 342 (D. Md. 2002); see also *United States v. 88.28 Acres of Land*, 608 F.2d 708, 714 (7th Cir. 1979) ("The district court clearly has . . . the power to determine who among competing claimants owns the condemned land"); *United States v. 1,629.6 Acres of Land*, 503 F.2d 764, 766 (3rd Cir. 1974) ("federal courts have "the power to determine who among competing claimants owns the condemned land"); *Bullen v. Bretteville*, 239 F.2d 824, 830 (9th Cir. 1956) ("it is the duty of the District Court in distributing the condemnation fund to ascertain who is entitled to participate therein").

Federal courts generally look to state law in determining property ownership. See, e.g., *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) ("Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law"); *United State ex. rel. Tennessee Valley Authority v. Powelson*, 319 U.S. 266, 279 (1943) ("Though the meaning of 'property' as used in . . . the Fifth Amendment is a federal question, it will normally obtain its content by reference to local law").

Here, Ross held a fee simple estate in the defendant property.[10] All other parties had an interest, or potential interest, in the property by virtue of the Declaration of Restrictions filed in 1950.[11] Because the United States filed a notice terminating the Declaration of Restrictions,[12] the court concludes that the interest or potential interest of all defendants other than the Ross has been extinguished. As a result, it finds that Ross is the only party with an ownership interest in the

---

[10] The Tax Collector of San Bernardino County, California has filed a disclaimer of interest.

[11] *Id.*, Exh. 2.

[12] *Id.*, Exh. 5

defendant property.[13]

### C. Determination Of Just Compensation

It is well-established that the amount of just compensation can be set by pre-condemnation agreements and that such agreements respecting compensation are enforceable in a condemnation proceeding. See *Danforth v. United States*, 308 U.S. 271, 282-83 (1939) ("[t]he effect of such an agreement is to fix the value of the easement when the authority of the Court is invoked against a party to the agreement to acquire good title. . . . . the trial court erred in . . . refusing the motion to determine the value at the agreed price"); *United States v.114.64 Acres of Land*, 504 F.2d 1098, 1100 (9th Cir. 1974) ("[i]t appears clear to us that such a contract represents a stipulation of value binding upon the parties in a condemnation action").

On May 24, 2000 Ross accepted the offer of the United States to pay $35,000.00 for Tract 101-67.[14] Accordingly, the court determines that $35,000 is the amount due as just compensation.

### III. CONCLUSION

For the reasons stated above, the government's motion for entry of final judgment is granted. The court finds that the Estate of Ruth M. Ross, Diane E. Ross, Executor is the only party entitled to receive just compensation for the taking of the defendant property. The court sets the amount of just compensation at $35,000, consistent with the May 24, 2000, contract of sale.

DATED: March 1, 2004

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

[13] Pl.'s Mot., Exh. 5

[14] Pl.'s Mot, Exh. 1.